UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA L. DUNIVEN,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. EDCV 12-0220-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER |

**PROCEEDINGS**

On February 10, 2012, Dianna L. Duniven ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on May 29, 2012. On September 4, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 50 year old female who applied for Social Security Disability Insurance benefits on November 19, 2008, alleging disability beginning November 29, 12, 2007. (AR 23.) Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of November 29, 2007, through her date last insured of December 31, 2008. (AR 23.)

Plaintiff's claim was denied initially on April 2, 2009, and on reconsideration on May 26, 2009. (AR 23.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Michael D. Radensky on June 22, 2010, in San Bernardino, California. (AR 23.) Claimant appeared and testified at the hearing, and was represented by counsel. (AR 23.) Medical expert ("ME") Arthur Lorber, M.D., and vocational expert ("VE") Luis O. Mas also appeared and testified at the hearing. (AR 23.)

The ALJ issued an unfavorable decision on August 5, 2010. (AR 23-26.) The Appeals Council denied review on December 20, 2011. (AR 1-6.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as the basis for reversal and remand:

1. Whether the ALJ properly considered Dr. Savodnik's agreed medical opinion.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination,

the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of November 29, 2007, through her date last insured of December 31, 2008. (AR 25.)

At step two, the ALJ determined that through the date last insured Plaintiff had the following combination of medically determinable severe impairments: degenerative disc disease of the cervical spine and lumbar spine; osteoarthritis of the knees, hips, and shoulders; possible rheumatoid arthritis; and obesity. (AR 25.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 26.)

The ALJ then found that through the date last insured Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except for the following limitations:

> . . . can lift and carry 20 pounds occasionally and 10 pounds frequently. She can sit for 1 hour at a time for a total of 6 hours out of an 8-hour workday. She can stand and walk for 30 minutes at a time, for a total of 2 hours out of an 8-hour workday. She can occasionally bend, stoop, crouch, and kneel. She cannot balance. She should avoid exposure to concentrated vibration. She cannot climb ladders, ropes, or scaffolds. She can occasionally climb stairs.

(AR 26.) In determining this RFC, the ALJ made an adverse credibility finding. (AR 35.) Significantly, Plaintiff does not challenge the ALJ's adverse credibility finding.

At step four, the ALJ found that through the date last insured Plaintiff was able to perform her past relevant work ("PRW") as a tax preparer. (AR 35.) The ALJ found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC (AR 35) and that Plaintiff can perform her PRW as a tax preparer as it is generally performed. (AR 35.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 36.)

**DISCUSSION**

Plaintiff contends that the ALJ erred in rejecting Dr. Savodnik's agreed psychiatric opinion and in not finding that Plaintiff's mental impairments were severe at step two of the sequential process. The Court disagrees.

**A. Relevant Federal Law**

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who

neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other evidence of record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

In this case, the ALJ determined at step two of the sequential process that Plaintiff's mental impairment of adjustment disorder did not cause more than minimal limitation in Plaintiff's ability to do basic work activities and thus was not severe.  (AR 25-26.)  This finding is supported by substantial evidence.

The step two inquiry to determine whether a medically determinable impairment is severe is "a de minimis screening device to dispose of groundless claims."  Smolen, 80 F.3d at 1290.  An impairment is not severe unless it significantly limits a claimant's ability to do basic work activities.  20 C.F.R. § 404.1520(c).  On the other hand, an impairment can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.  Smolen, 80 F.3d at 1290.

On September 29, 2008, Dr. Norman Reichwald conducted an initial psychological pain evaluation pursuant to her workers' compensation claim.  (AR 31.)  He diagnosed an adjustment disorder.  (AR 32.)  Seeing her again on December 16, 2008, Dr. Reichwald reported that her mental status examination was within normal limits and repeated his initial diagnosis.  (AR 32.)  He assessed no functional limitations.  (AR 32.)

On March 12, 2009, Dr. Linda Smith conducted a psychiatric consulting examination of Claimant and diagnosed a mood disorder, noting that Claimant did not take the examination very seriously.  (AR 32, 536-41.)  Dr. Smith found she was not credible as a historian (AR 536) and that there was no evidence her alleged panic attacks resulted in any limitations.  (AR 537.)  Dr. Smith did not see any evidence of depression or anxiety, and did not believe that Plaintiff is impaired in her ability to work from a psychiatric standpoint.  (AR 33, 540-41.)  State agency review psychiatrists also determined that Claimant did not have a severe mental impairment.  (AR 33.)  The ALJ accepted these assessments to the extent Claimant has a non-severe mental impairment.  (AR 33.)

On February 16, 2010, Dr. Irwin Savodnik conducted an agreed psychiatric examination of Claimant.  (AR 32, 710-77.)  After administering a battery of tests, Dr. Savodnik diagnosed a mood disorder and a personality disorder.  (AR 33.)  He indicated the following limitations: none

in comprehending and following instructions; slight in performing simple and repetitive tasks; moderate in maintaining an appropriate work pace to a given work load; moderate in performing complex or varied tasks; moderate to severe in relating to other people beyond giving and receiving instructions; moderate to severe in influencing people; severe in making generalizations, evaluations and decisions without immediate supervision; severe in accepting and carrying out responsibility for direction, control and planning. (AR 33, 760-61.) These limitations, if accepted, would require a finding that Claimant's mental impairment is severe.

The ALJ, however, rejected these limitations and the opinion of Dr. Savodnik because of Claimant's "lack of credibility and exaggeration during the examination." (AR 33.) Specifically, Dr. Savodnik himself reported that Claimant's responses to psycho-diagnostic testing were "not straightforward, candid, or objective in describing information about herself." (AR 32-33, 719.) Her responses on a Personality Assessment Inventory indicated she was exaggerating. (AR 33, 35.) She also attempted to feign mental illness. (AR 33, 35.) One test, though, did not show Claimant was malingering cognitive deficits. (AR 33.) Dr. Savodnik also noted inconsistent responses that could affect test results and thus "the interpretative hypotheses that follow in this report should be viewed cautiously." (AR 721.) The ALJ found other evidence of Claimant exaggerating her claims, including inconsistent daily activities and refusing an epidural. (AR 35.)

The ALJ rejected Dr. Savodnik's guarded assessment for specific and legitimate reasons supported by substantial evidence — contrary medical opinion and lack of credibility. Both Dr. Smith and Dr. Savodnik were examining physicians and the ALJ accepted Dr. Smith's opinion (and that of State agency review psychiatrists) and rejected Dr. Savodnik's assessments. The ALJ is responsible for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039. His determination of the medical evidence if reasonable should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Plaintiff contends that Dr. Savodnik's opinion should be given greater weight because he administered tests and wrote a longer opinion, but those facts alone do not render the ALJ's interpretation unreasonable. When the evidence

reasonably supports either confirming or reversing the ALJ's decision, the ALJ's decision should not be disturbed. <u>Batson v. Commissioner</u>, 359 F.3d 1190, 1196 (9th Cir. 2004).

The ALJ, moreover, also rejected Dr. Savodnik's assessments for lack of credibility on the part of Plaintiff. Significantly, Plaintiff does not challenge the ALJ's adverse credibility finding or address the extensive evidence supporting that finding. Plaintiff incorrectly argues that the ALJ improperly rejected Dr. Savodnik's opinion based on credibility issues Dr. Savodnik took into account in proffering his assessments. The ALJ, however, also relied on the lack of credibility displayed in the mental status examination conducted by Dr. Smith, and the contrary medical opinions of Dr. Smith and the State agency review psychiatrists. Plaintiff also does not address Dr. Savodnik's own caution about his testing results. (AR 721.)

The contrary medical opinion and unrebutted adverse credibility determination constitute specific and legitimate reasons for rejecting the assessments of Dr. Savodnik. The ALJ's step two determination that Plaintiff's mental impairment is not severe is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: <u>September 18, 2012</u>            */s/ John E. McDermott*
                                                  JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE